IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHAKEERA PENNEWELL,    )
             )
    Plaintiff,    )
             )
  v.          )  C.A. No. 23-1321-CFC-LDH
             )
OFFICER STAFFORD,    )
             )
    Defendant.    )

FILED

AUG - 6 2026

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## REPORT AND RECOMMENDATION

Plaintiff Shakeera Pennewell appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). Pending before the Court is Defendant Officer Stafford's motion to dismiss Plaintiff's Complaint (D.I. 2) for failure to state a claim. (D.I. 13). For the following reasons, I recommend the Court grant Defendant's motion to dismiss.

## I. BACKGROUND

On November 17, 2023, Plaintiff filed a Complaint against Officer Stafford and the Middletown Police Department relating to an incident at Tom Foolery's Restaurant in Middletown, Delaware, that occurred on March 30, 2023. (*See generally* D.I. 2). According to the Complaint, a patron (possibly a member of Plaintiff's family) (*see* D.I. 17 *generally*) was involved in a dispute with the manager of the restaurant regarding an order of chicken wings. (*Id.* at 9). Plaintiff was standing by the doorway and began recording the interaction between the patron and the manager. (*Id.*).

The Town of Middletown Police were contacted regarding the incident and Officer Stafford responded. (*Id.*). The manager asked Officer Stafford to ask Plaintiff to leave the restaurant. (*Id.* at 10). Plaintiff asked the manager why she had to leave because she did nothing

1

wrong. (*Id.*). When Plaintiff did not leave, Defendant Stafford grabbed Plaintiff "very hard and pushed" her out of the front door. (*Id.*; *see also* p. 20 (Stafford "pushed [Plaintiff] out of the door using force with his hands by pushing me real hard and grabbing my arm")). Plaintiff claims she felt "very violated, disrespected," "embarrassed," and "humiliated." (*Id.* at 10). Plaintiff suffered pain in her right arm that lasted for over a week. (*Id.* at 7; *see also id.* at 13 (Officer Stafford caused harm to Plaintiff's right arm)).

Plaintiff initiated this § 1983 action against the Middletown Police Department and Officer Stafford on November 17, 2023, asserting that Officer Stafford used excessive force against her on March 30, 2023. (*See* D.I. 2 at 9). Plaintiff seeks damages in the amount of $15,000. (*Id.* at 7).

By screening order dated May 30, 2024, Judge Andrews dismissed Middletown Police Department as a defendant and authorized service on Officer Stafford. (D.I. 5).[1] The case was closed on September 5, 2024 because Plaintiff failed to timely return a USM 285 form for service on Defendant Stafford. (D.I. 6). Plaintiff moved to reopen, (D.I. 7), and after Plaintiff responded to a show cause order, Chief Judge Connolly found good cause to reopen the case on January 5, 2026. (January 5, 2026 Oral Order). The Complaint was served on January 21, 2026. (D.I. 13 at 6).

Defendant Stafford filed a motion to dismiss (D.I. 13). Plaintiff responded. (D.I. 17). Defendant filed a reply brief (D.I. 18). On March 10, 2026, the case was referred to me to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C § 636(b). (D.I. 16).

---

[1] The screening order notes that the Complaint is approximately 19 pages long and contains numerous allegations about a diverse set of topics, some of which are "way outside the statute of limitations." (D.I. 5). Accordingly, the screening order authorized Plaintiff to proceed only on her claim of excessive force. (*Id.*).

## II.  LEGAL STANDARDS

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## III.    DISCUSSION

Defendant seeks to dismiss the Complaint on the following grounds: (A) Plaintiff's failure to effectuate timely service; (B) Plaintiff's failure to allege a plausible claim of excessive force; and (C) that Defendant Stafford is entitled to qualified immunity.  Because I recommend that Defendant's Motion be granted for failure to state a claim of excessive force, I do not reach the issues of service or qualified immunity.

As set forth above, Plaintiff alleges that there was a dispute at a restaurant between a patron and the restaurant manager regarding the patron's order.  At some point, Plaintiff began recording the dispute and may have interjected into the dispute to side with the patron.  Similarly, at some point, police arrived on scene to manage the altercation.  Although some of the timing and sequence of events is unclear,[2] the Complaint is clear that at some point the restaurant manager asked Defendant Stafford to ask Plaintiff to leave the restaurant.  Plaintiff disputed that she should leave, asked why, and Defendant Stafford physically removed Plaintiff from the restaurant by pushing her through the front door.  Plaintiff was embarrassed, humiliated, and had a sore arm for a week or so following the incident.

---

[2] Plaintiff's response in opposition to the motion to dismiss offers more context for the argument over the food order and encounter with responding police officers. (*See generally*, D.I. 17).  The additional context appears to further undermine her claim of excessive force, as it appears that she may have inserted herself into an ongoing police situation, entering the restaurant after the police had arrived to diffuse the situation. (*Id.* at 3).  Because those facts are not in the Complaint I decline to consider them here.  "[I]t is well established that a motion to dismiss may be decided based only on the 'complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 197 (3d Cir. 2019) (quoting *Mayer v. Belicheck*, 605 F.3d 223, 230 (3d Cir. 2010)).  Accordingly, I only consider those allegations set forth in the Complaint and whether they are sufficient to state a claim.

4

Thus, Plaintiff alleges, at most, that Defendant momentarily grabbed her to push her out of the door of the restaurant. That allegation falls short of excessive force under the Fourth Amendment. *See e.g., Bressi v. Brennan*, 823 F. App'x 116, 118, 119 (3d Cir. 2020) (per curiam) (holding that an allegation that an arresting officer "grabbed [the plaintiff] by the neck and slammed him against a concrete wall 'for no reason whatsoever,'" resulting in no injury to the plaintiff, "may have been improper, but ... did not rise to the level of a constitutional violation") (citing *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002) (holding that "the solitary act of momentarily grabbing [a suspect's] elbow was not a seizure for Fourth Amendment purposes," let alone excessive force)). For force to be deemed unreasonable and thus violate the Fourth Amendment, a plaintiff "must show more than de minimis force." *Page v. Doyle*, 2019 WL 1790467, at *3 (E.D. Pa. Apr. 24, 2019); *accord Nardini v. Hackett*, 2001 WL 1175130, at *6 (E.D. Pa. Sept. 19, 2011) ("Generally, the force used must rise above the de minimis level in order for a constitutional claim to arise."); *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (noting that more than de minimis force is necessary to support a Fourth Amendment violation).

It is axiomatic that "[n]ot every push or shove, even if it may later seem unnecessary," violates the Constitution." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Pushes and shoves, like other police conduct, must be judged under the Fourth Amendment standard of reasonableness." *Saucier v. Katz*, 533 U.S. 194, 209 (2001). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. While some pushes and shoves might violate the Constitution in the right circumstances, it is far from clear that this is one such case. *See, e.g., Kalfus v. N.Y. Presbyterian Hospital*, 476 F. App'x 877, 880–

81 (2d Cir. 2012) (explaining that police officers' pushing trespasser onto the ground while arresting him to remove him from the premises after he refused to leave was reasonable force); *Pesola v. City of New York*, 2016 WL 1267797 at * 7 (S.D.N.Y. March 30, 2016) (granting motion to dismiss when arrestee alleged only minimal force when police pushed him in opposite directions, threw him into the ground face first, and twisted his arm behind his back and arrestee did not allege any resulting injuries).[3]  Plaintiff's Complaint does not set forth allegations to support a claim for force rising above a *de minimus* level and thus does not set forth facts supporting a claim for excessive force.  As a result, I recommend that Plaintiff's Complaint be dismissed, and that amendment is futile.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's Motion (D.I. 13) be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to ten (10) pages.  Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages.  The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812

---

[3]  Plaintiff appears to argue that, since a female officer also responded, if Plaintiff needed to be removed, it should have been done by the female police officer.  (D.I. 17 at 3).  That she was removed by a male officer instead of a female officer does not amount to a claim for excessive force under the Fourth Amendment.  Moreover, Plaintiff seems to be suggesting that the same level of force, if applied by a female office rather than a male officer, would have been acceptable.

F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025 ).

Dated: August 6, 2026

_____
United States Magistrate Judge